# NO. 12-16-00058-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KENNETH L. GILLILAND,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Kenneth L. Gilliland appeals his conviction for driving while intoxicated. Appellant raises four issues on appeal. We affirm.

Appellant's counsel filed an ***Anders*** brief and motion to withdraw as counsel. Appellant thereafter filed a pro se brief. On August 10, 2016, we issued an opinion granting counsel's motion to withdraw and affirmed the trial court's judgment. *See **Gilliland v. State***, No. 12-16-00058-CR, 2016 WL 4208135, at *1 (Tex. App.—Tyler Aug. 10, 2016, no pet.) (per curiam) (mem. op., not designated for publication). On August 31, 2016, Appellant filed a motion for rehearing, asserting that he did not have sufficient access to the record prior to submitting his initial brief. He moved that we permit him to withdraw his brief and requested that we order the trial court to provide him access to the record. On September 29, 2016, we granted the motion. The trial court subsequently filed a letter in this court certifying that it provided Appellant access to the record on October 27, 2016. Appellant subsequently filed two motions seeking extensions to the briefing deadline, which we granted. On January 30, 2017, Appellant filed a pro se brief that mirrors his prior brief.

Appellant was indicted for the offense of driving while intoxicated (DWI), a third degree felony as alleged due to prior DWI convictions.[1] Moreover, the indictment alleged that

---

[1] *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (West Supp. 2017).

Appellant had two prior felony convictions, thereby invoking the habitual offender statute, which mandates a sentence of imprisonment ranging from twenty-five to ninety-nine years or life.[2] The State offered Appellant forty-five years of imprisonment in exchange for his guilty plea, which he rejected. Nevertheless, Appellant later made an open plea of "guilty" to the offense, and also pleaded "true" to the enhancements. After a hearing, the trial court accepted Appellant's plea and found him guilty of the offense. After a punishment hearing, the trial court found that the enhancements were true and sentenced Appellant to forty years of imprisonment.

Appellant contends in his pro se brief that the indictment is fundamentally defective, he received ineffective assistance of counsel at trial and on appeal, and the trial court abused its discretion under the Sixth Amendment when it allowed appellate counsel to file an *Anders* brief containing false assertions of fact.

As we stated in our August 10, 2016 opinion, we considered counsel's brief, Appellant's earlier pro se brief, and conducted our own independent review of the appellate record. *See id.* We found no reversible error. *See id.* (citing *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005)). Appellant's latest brief is a facsimile of his prior brief.

Therefore, Appellant's four issues are overruled.[3]

## CONCLUSION

After conducting an independent examination of the record, we find no reversible error and conclude that the appeal is wholly frivolous. *See Bledsoe*, 178 S.W.3d at 826–27. Accordingly, we *affirm* the judgment of the trial court.

After we issued our August 10, 2016 opinion, Appellant's former counsel discharged his duty to timely send a copy of the opinion and judgment to Appellant, and advised him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d 403, 411 n.35 (Tex. Crim. App. 2008). As a result of our prior opinion and order granting counsel's motion to withdraw, Appellant is now pro se.

Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf

---

[2] *See* TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2017).

[3] Nothing in this opinion is intended to modify, supplant, or replace our August 10, 2016 opinion, which shall remain in full effect. This opinion addresses only Appellant's latest pro se brief that he filed after he reviewed the record.

or he must file a petition for discretionary review pro se.  Any petition for discretionary review must be filed within thirty days from the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3(a).  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See **In re Schulman***, 252 S.W.3d at 408 n.22.

GREG NEELEY
Justice


Opinion delivered December 21, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2017**

**NO. 12-16-00058-CR**

**KENNETH L. GILLILAND,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1219-15)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*